IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES CANNELLA,

    Petitioner,

v.                                                  CASE NO. 1:11-cv-144-MP-GRJ

EDWIN BUSS,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner seeks habeas corpus relief in connection with his Hillsborough County convictions for first degree murder, two counts of attempted first degree murder and one count of aggravated battery.   In 1992 Petitioner sought habeas corpus relief from the same convictions pursuant to 28 U.S.C. § 2254 in the Middle District of Florida.  The court denied the petition.  *Cannella v. Singletary*, Case No. 8:92-cv-01427-RWN, Doc. 24 (M.D. Fla. Jan. 13, 1995).  Petitioner filed an application for a certificate of probable cause[1] in the Middle District, which was denied.  *Id.* Doc. 30.  Petitioner then applied to the Eleventh Circuit for a certificate of probable cause, which the Eleventh Circuit also denied.  *Id.* Doc. 32.

When a state prisoner is "in custody pursuant to the judgment of a State court," his petition for a writ of habeas corpus is governed by both 28 U.S.C. § 2241 and the restrictions set forth in 28 U.S.C. § 2254.  *Medberry v. Crosby*, 351 F.3d 1049, 1062

---

[1] An application for a certificate of appealability used to be called an application for a certificate of probable cause.

(11th Cir. 2003). In order to file a second or successive petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it.[2] 28 U.S.C. § 2244(b)(3)(A). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

There is nothing in the record reflecting that Petitioner has been granted leave by the Eleventh Circuit to file a second or successive habeas corpus petition, and thus this Court lacks the authority to entertain Petitioner's claims.[3]

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 21st day of July 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[2] The Court notes that Petitioner filed his Petition in his case on the Court's form for prisoners in actions under 28 U.S.C. § 2241. (Doc. 1.) Regardless of what Petitioner calls his Petition or which form he utilizes the requirements of both Sections 2244 and 2254 still apply to Petitioner. *See* 28 U.S.C. §§ 2244, 2254. Accordingly, his Petition in this case would be barred as a successive petition whether it is filed on the § 2241 form or filed on the § 2254 form.

[3] In addition to the fact that the petition is successive, Plaintiff filed his Petition in the wrong judicial district. Petitioner's conviction took place in Hillsborough County, which is in the Middle District of Florida, and he is currently incarcerated in a Florida Department of Corrections facility that is also located in the Middle District of Florida. Accordingly, pursuant to 28 U.S.C. § 2241(d), Petitioner should have filed his Petition in the Middle District of Florida. While the Court could have transferred the petition to the Middle District of Florida there is no reason to do so because the Petition would be barred as successive in any event.

*Case No: 1:11-cv-144-MP-GRJ*